**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL MCINTOSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:16-cv-0927-SMY** |
| | ) | |
| **C. LINDSEY, and** | ) | |
| **SERGEANT HERMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael McIntosh is currently incarcerated at the Menard Correctional Center in Menard, Illinois.  (Doc. 1 at 1.)  Proceeding *pro se*, McIntosh has filed a Complaint under 42 U.S.C. § 1983 against two officers at Menard, alleging that both officials failed to protect him from an attack by his cellmate on March 30, 2016.  (*Id.* at 5-7.)  McIntosh seeks money damages for his injuries and permanent injunctive relief in the form of a transfer out of Menard.  (*Id.* at 8.)

This matter is now before the Court for a review of McIntosh's Complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity."  During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

### Background

According to McIntosh's Complaint, he has been incarcerated at Menard since at least 2016.  (Doc. 1 at 5.)  As early as February 2016, McIntosh and his cellmate began experiencing

problems "getting along" with each other, and McIntosh states that he told Corrections Officer Lindsey of these difficulties.  (*Id.*)  McIntosh's problems with his cellmate apparently worsened in March 2016.  On March 25, 2016, McIntosh received a disciplinary ticket for damage to property because the conduct of his cellmate.  The ticket was ultimately expunged because McIntosh's cellmate "pled guilty" to the disciplinary charges.  (*Id.*)  McIntosh alleges that after his cellmate pled guilty to the disciplinary ticket, he did "everything within [his] power to remove himself" from his cell, going so far as to stop Officer Lindsey on March 30th to explain to him that he could "no longer" be in a cell with his cellmate.  (*Id.*)  Sometime after his discussion with Officer Lindsey, McIntosh and his cellmate got into a physical altercation which resulted in the loss of McIntosh's left thumb.  (*Id.*)  McIntosh was taken to an outside hospital for treatment.  However, he asserts that the treatment he received was not adequate, as his wound was only sewn up and doctors did not reattach his thumb.  (*Id.* at 7.)

After the altercation, McIntosh and his cellmate were separated and McIntosh was placed into segregation on "investigative status."  (*Id.* at 5.)  Once the investigation was completed, McIntosh was written a ticket for fighting with another inmate and was ultimately found guilty of that infraction on May 3, 2016.  (*Id.* at 6.)  He was punished with thirty-to-forty days in segregation and other restrictions.  (*Id.*)  McIntosh was convinced that the officers' failure to protect him from the fight was improper and that his discipline was unwarranted, so he filed a grievance with prison officials.  (*Id.* at 6-7.)  Unsatisfied with the prison's response to his grievance, McIntosh filed suit in this Court on August 18, 2016.  (*Id.* at 1.)

### Discussion

The Court begins its § 1915A review with a note about the parties at issue in this case. Throughout his Complaint, McIntosh refers to the conduct of some individuals not named in his

caption or his defendant list. He alleges that unnamed individuals with the prison's adjustment committee improperly disciplined him with segregation and other restrictions for his fight with his cellmate, that unspecified medical staff improperly treated the injury he sustained during that same fight, and that a counselor at the prison, Ms. Nippe, improperly handled his grievance concerning the fight. Because the parties related to these claims are not listed in the caption by name or by Doe designation, they will not be treated as defendants in this case. Any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (all defendants must be "specif[ied] in the caption").

### Count 1

Turning to the allegations in McIntosh's Complaint against the two corrections officers he has chosen to name as defendants, McIntosh seems to raise a single claim against those two officers. He alleges that Corrections Officer Lindsey and Sergeant Herman violated his Eighth Amendment rights by failing to protect him from his cellmate's attack on March 30, 2016. To state an Eighth Amendment failure to protect claim, a prisoner must allege that he is incarcerated under conditions posing a substantial risk of serious harm, and that prison officials acted with deliberate indifference to that risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1984). A substantial risk of harm can exist when a prisoner exhibits characteristics that can make him more likely to be victimized by other inmates, when the assailant is alleged to have a known propensity for violence, or when the prisoner tells officials of a specific threat to him from a specific source. *See Brown v. Budz*, 398 F.3d 904, 907 (7th Cir. 2005).

Even when McIntosh's Complaint is construed liberally and all reasonable inferences are drawn in his favor, he has not alleged sufficient facts to suggest that Lindsey and Herman were indifferent to a substantial risk of serious harm. McIntosh does not allege any facts to suggest

that he is particularly vulnerable to victimization at the prison, nor does he allege that his cellmate had a known predilection towards harming inmates in general or inmates like him.

He does allege that he informed Officer Lindsey in February 2016 that he and his cellmate were "not getting along," that he later told Lindsey that he "could no longer" be in a cell with his cellmate, that other inmates heard him complain to Lindsey about his cellmate, and that Sergeant Herman "was made fully aware of the situation," seemingly before the fight took place. However, his allegations concerning what he told Lindsey and Herman are vague and conclusory; he does not allege that he told Lindsey or Herman about a threat of harm from his cellmate and that they failed to assist him. *See, e.g.*, *Knox v. Doe*, 487 F. App'x 725, 727-28 (3d Cir. 2012); *Clark v. Doe*, 202 F.3d 272 (7th Cir. 1999); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Because McIntosh's Complaint does not allege that Lindsey and Herman knew of a substantial risk of harm to him, **Count 1** will be dismissed without prejudice and McIntosh must submit an amended complaint to flesh out the statements he made to Lindsey or Herman that put them on notice of a danger.

One closing note is in order concerning a motion McIntosh filed with his initial Complaint. McIntosh has asked the Court to recruit counsel to assist him with his civil rights case. The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, but counsel is only proper when the "difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case is not so difficult as to necessitate counsel, especially at this early juncture. *See Westbrook v. Boy Scouts of America*, 560 F. App'x 574, 577-78 (7th Cir. 2014); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). In his motion for counsel, McIntosh states that he has completed some high school, and his Complaint, while

subject to dismissal for now, was coherent. All that is required at this stage is for McIntosh to include some additional factual content as to his statements to Lindsey and Herman concerning the threat posed by his cellmate before the attack. The Court is of the view that he is able to complete that task. Because counsel is not warranted at this point, the motion is denied for now. The Court remains open to appointing counsel for McIntosh if he decides to file an amended complaint and his case proceeds further.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, McIntosh's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before December 8, 2016). It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-0927-SMY. The amended complaint should specify each defendant that Plaintiff claims is liable, and should lay out what actions that each defendant did to violate Plaintiff's constitutional or statutory rights. Plaintiff is free to attach exhibits to the complaint, but he must include factual allegations within the narrative of the complaint—Plaintiff cannot rely on exhibits alone to make out his claim.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken.

Plaintiff must also re-file any exhibits he wishes the Court to consider along with the amended complaint.  Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 2) is **DENIED without prejudice**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: November 9, 2016**

s/ STACI M. YANDLE
**U.S. District Judge**