IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCINTOSH, <br> #R-01987, <br> <br>                  Plaintiff, <br> <br> vs. <br> <br> C. LINDSEY , <br> SERGEANT HEIMAN <br> and G. PRICE, <br> <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16-cv-00927-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

      This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Michael McIntosh, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Menard failed to protect him from a known risk of assault by his cellmate. Plaintiff also alleges that related grievances were ignored or delayed on the basis of his race, in violation of the Equal Protection Clause. In connection with these claims, Plaintiff sues C. Lindsey (corrections officer), Sergeant Heiman (corrections officer) and G. Price (grievance counselor). Each defendant is sued in his or her individual and official capacities. Plaintiff seeks monetary and injunctive relief.

      This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

>   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

From February 22, 2016 through March 30, 2016, Plaintiff and his cellmate "Damico," (No. K-60832) were confined in the East Cell House, on gallery 5, in cell number 19. (Doc. 1, pp. 6-7). Damico had a history of violently assaulting his cellmates by biting them and Lindsey and Heiman were aware of this history. (Doc. 1, p. 7). On six different occasions during that time period, Plaintiff notified Lindsey and Heiman that he and Damico "were not getting along, that he was afraid, that he wanted protection, that his cellmate threatened to harm him and that he wanted to be moved." *Id.* On each occasion, Lindsey and Heiman indicated the situation was "out of their hands" and refused to transfer either inmate to a new cell. *Id.*

2

On March 30, 2016, Plaintiff's cellmate began cussing at him and struck him in the jaw with his fist. *Id.* As Plaintiff was struggling to protect himself, his cellmate bit half of Plaintiff's left thumb completely off. *Id.* Plaintiff received medical treatment from Barnes Jewish Hospital and was returned to Menard. *Id.* Upon returning to Menard, Plaintiff was placed on segregation and investigative status and eventually received a disciplinary report for fighting. *Id*.

Plaintiff filed a formal grievance regarding the matters described above on April 20, 2016. (Doc. 1, p. 7; Doc. 1-1, p. 6). On April 25, 2016, Plaintiff submitted an informal letter to the Administrative Review Board inquiring about the April 20, 2016 grievance and attaching a copy of the same. (Doc. 1, p. 7; Doc. 1-1, pp. 8-10). Plaintiff submitted the informal letter because officials at Menard have a tendency to ignore internal grievance procedures. *Id.* On June 7, 2016, Plaintiff received a letter from Defendant Price stating that she had not received any grievances from Plaintiff. (Doc. 1, p. 7; Doc. 1-1, p. 17). On June 27, 2016, the April 20, 2016 grievance was denied as untimely. (Doc. 1, p. 7; Doc. 1-1, pp. 6-7).

Plaintiff contends that Price mishandled his grievance in violation of Administrative Directive 504(f). (Doc. 1, p. 9). Additionally, Plaintiff alleges Price mishandled the grievance on the basis of Plaintiff's race, in violation of the Equal Protection Clause. *Id*. Specifically, Plaintiff alleges that his grievance was not handled in a timely manner because he is African American and "white prisoners receive timely responses to their grievances and have better outcomes". *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

deems it appropriate to organize the claim in Plaintiff's *pro se* First Amended Complaint into the following counts:

**Count 1 -** Lindsey and Heiman failed to protect Plaintiff from a known risk of harm in violation of the Eighth Amendment when.

**Count 2 -** Price violated the Equal Protection Clause of the Fourteenth Amendment by mishandling Plaintiff's grievances on the basis of his race.

**Count 3 -** Price mishandled Plaintiff's April 20, 2016 grievance by failing to comply with Administrative Directive 504(f), in violation of Plaintiff's constitutional rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1**

Prison officials have a duty to protect inmates from violence at the hands of other inmates, and their failure to do so may give rise to a claim under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order to state a failure to protect claim, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted with deliberate indifference to that danger. *Farmer*, 511 U.S. at 834; *Pinkston*, 440 F.3d at 889. The plaintiff must establish that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff's First Amended Complaint states a viable claim against Lindsey and Heiman under this standard. Accordingly, Count 1 shall receive further review against these defendants in their individual capacities only. Plaintiff's official capacity claims as to these defendants shall

be dismissed. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

**Count 2**

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XVI, § 1. The "liberty/property interest requirement for procedural due process claims does not apply [to Fourteenth Amendment equal protection claims]." *Dewalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). "For example, if prison officials were to allocate T.V. time, visitation privileges, prison jobs, or any of the other privileges prisoners enjoy, on an otherwise illegal or discriminatory basis, their actions would be unconstitutional even though such privileges do not constitute liberty or property interests." *Id.* Thus, a policy of deliberate racial discrimination in the administration of a prison violates the Equal Protection Clause even where the underlying privilege does not constitute a liberty or property interest. *See e.g., Black v. Lane,* 824 F.2d 561, 562 (7th Cir. 1987) (racial discrimination with respect to prison job).

Plaintiff has alleged deliberate racial discrimination in the administration of the grievance program at Menard. This is sufficient to state a viable claim as to Price. The fact that the prison grievance process does not create interests protected by the Due Process Clause[1] is irrelevant. Accordingly, Count 2 shall receive further review against Price in his individual capacity only. Plaintiff's official capacity claims as to Price shall be dismissed. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

**Count 3**

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who

---

[1] *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011).

otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

In Count 3, Plaintiff alleges that Price mishandled his April 20, 2016 grievance by failing to follow Administrative Directive 504(f). Because the mishandling of grievances does not give rise to a due process claim, Count 3 will be dismissed with prejudice as to Price.

## Preliminary Injunction/Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Here, Plaintiff seeks preliminary and permanent injunctive relief in the form of (1) removal from "Level E" (high escape risk) status and (2) a transfer to a medium security facility. (Doc. 1, p. 10). He asserts that he "has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the injunctive relief which Plaintiff seeks." (Doc. 1, p. 9).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds that a preliminary injunction should *not* be issued at this time. Plaintiff's request does not set forth any specific facts demonstrating the likelihood of any immediate or irreparable harm, nor does it meet any of the remaining criteria outlined above. See FED. R. CIV. P. 65(b)(1)(A). There is no indication that Plaintiff is still housed with his former cellmate or is otherwise vulnerable to another attack by this individual. Further, the Complaint does not suggest that Plaintiff's classification as a "Level E" inmate or his confinement at Menard are, in

and of themselves, subjecting Plaintiff to an immediate or irreparable risk of harm. Accordingly, Plaintiff's request for a preliminary injunction is **DENIED** without prejudice.

The Court saves for another day the question of whether to issue a permanent injunction. However, if injunctive relief is ordered, it would need to be carried out by Menard's Warden. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (when injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity). Therefore, the Court will direct the Clerk to add the Warden of Menard, in his or her official capacity only, for the purpose of carrying out any injunctive relief that may be granted. See FED. R. CIV. P. 21; FED. R. CIV. P. 17(d); *Gonzalez*, 663 F.3d at 315.

## Pending Motions

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 10) shall be **REFERRED** to United States Magistrate Judge **Reona J. Daly** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review as to Defendants Lindsey and Heiman in their individual capacities only.

**IT IS FURTHER ORDERED** that **COUNT 2** is subject to further review as to Defendant Price in her individual capacity only.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's request for a preliminary injunction is **DENIED**. The denial is without prejudice.

The Clerk of Court is **DIRECTED** to add the Warden of Menard, in his or her official capacity only, for the purpose of carrying out any injunctive relief that may be granted.

With regard to **COUNT 1,** the Clerk of Court shall prepare for Defendants **LINDSEY** and **HEIMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With regard to **COUNT 2,** the Clerk of Court shall prepare for Defendant **PRICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings including a decision on the Second Motion for Recruitment of Counsel (Doc. 10), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 27, 2017**

**<u>s/ STACI M. YANDLE</u>**
**Honorable Staci M. Yandle**
**United States District Judge**
