IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MCINTOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00927-DWD |
| | ) |
| CHRISTOPHER LINDSEY, et al., | ) |
| | ) |
| Defendants. | ) |

**FINAL PRETRIAL ORDER**

**DAVID W. DUGAN, District Judge:**

**I.    COUNSEL OF RECORD**

**Attorneys for Plaintiff:**

Catherine ("Kate") Dickenson
Husch Blackwell, LLP
(314) 480-1929
kate.dickenson@huschblackwell.com

Ryan L. White
(314) 345-6230
ryan.white@huschblackwell.com

Mary Pat Carl
(314) 345-6232
marypat.carl@huschblackwell.com
190 Carondelet Plaza, Ste. 600, St. Louis, MO 63105.

**Attorneys for Defendants:**
Rachel D. Schwarzlose and Christine (Kay) McClimans
Illinois Attorney General's Office
201 West Pointe Dr., Suite 7
Swansea, IL 62226
(618) 236-8781
rschwarzlose@atg.state.il.us

cmcclimans@atg.state.il.us

## II.　NATURE OF THE CASE

Plaintiff Michael McIntosh was housed at Menard Correctional Center. He claims Defendant Christopher Lindsey ("Lindsey") a correctional officer, violated Plaintiff's civil rights by failing to protect him from his cellmate. Plaintiff claims Defendant knew of and disregarded a substantial risk of serious harm to Plaintiff in violation of his constitutional rights. Defendant Lindsey denies the allegations against him and denies he failed to protect Mr. McIntosh from a known substantial risk of serious harm to Plaintiff.

## III.　SUBJECT MATTER JURISDICTION

This is an action for damages and injunctive relief.

The basis for the Court's subject matter jurisdiction is 42 U.S.C. § 1983.

The existence of subject matter jurisdiction is not contested.

## IV.　UNCONTROVERTED FACTS

The following facts are not disputed:

-Plaintiff Michael McIntosh ("Plaintiff") was an inmate with the IDOC and was incarcerated at Menard Correctional Center during the events at issue in this case.

-Menard correctional officer Christopher Lindsey ("Lindsey") acted under color of law during the events at issue in this case.

-Plaintiff and inmate Frederick D'Amico were cellmates at Menard Correctional Center from February 10, 2016 until March 30, 2016.

The parties propose to convey these facts to the jury in the following manner:

The Court will convey the facts to the jury.

## V.　CONTROVERTED FACTS

The parties dispute the following facts:

Whether Plaintiff ever communicated to Defendant Lindsey he was in fear of his cellmate.

Whether on March 30, 2016, D'Amico bit off a portion of Plaintiff's thumb and inflicted various other wounds.

## VI.   AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues: evidentiary issues raised in the parties' motions *in limine* and opposition to same.

Whether Defendant Lindsey is entitled to qualified immunity;

Whether Plaintiff is entitled to punitive damages.

## VII.   WITNESSES

Plaintiff intends to call the following witnesses:

> Expert witnesses: NONE.
> Non-expert witnesses:
> Michael McIntosh
> Michael Alfonso
>
> If needed, Plaintiff may call
> Terrin Lee,
> Jessup Henry
> Michael Walton
> Christopher Lindsey

Defendant intends to call the following witnesses:

> Expert witnesses: None.
>
> Non-expert witnesses:
> 1.   Christopher Lindsey
> 2.   Tracy Heiman
> 3.   Vickie Wood
> 4.   Sean Smolak
> 5.   Michael Adams

      6.    Lance Phelps
      7.    Terri Wingerter
      8.    Jeannette Cowan
      9.    Brad Thomas

## VIII. EXHIBITS

Plaintiff filed pretrial disclosure on Feb. 26, 2021. Defendant filed pretrial disclosures on February 25, 2021.

Plaintiff:

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|

1. Plaintiff's Complaint (Defendant objects as hearsay).
2. Plaintiff's Deposition (Defendant objects as hearsay).
3. Defendant Lindsey's Deposition
4. Plaintiff's grievances related to his injury at issue, bates stamped Nos. 000001-000020 (Defendant objects as hearsay).
5. Cumulative Counseling Summary, bates stamped Nos. 000039-000050
6. Disciplinary Reports, bates stamped Nos. 000052-000058
7. Incident Reports, bates stamped Nos. 000059-000063
8. Internal Affairs Report, bates stamped Nos. 000064-000067; 000694-000804;(Defendant objects to portions of the report as hearsay).
9. Medical Records, bates stamped Nos. 000068-000218, 000280-000531; 000532-000693
10. Living Unit History, bates stamped Nos. 000219-000225
11. Cellmate information, bates stamped Nos. 000226-000227
12. PowerPoint for Opening and Closing (Defendant objects to admitting Plaintiff's attorneys' statements as evidence).

Plaintiff reserves his right to object to or designate any documents yet to be produced by the Defendants including, but not limited to, documents relating to Plaintiff's former cellmate.

Defendant:

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|

1. Plaintiff's Complaint
2. Plaintiff's Deposition
3. Cumulative Counseling Summary, bates stamped Nos. 000039-000050
4. Disciplinary Card, bates stamped No. 000051 (Plaintiff objects as irrelevant and prejudicial)
5. Disciplinary Reports, bates stamped Nos. 000052-000058
6. Incident Reports, bates stamped Nos. 000059-000063
7. Internal Affairs Report, bates stamped Nos. 000064-000067; 000694-000804;
8. Medical Records, bates stamped Nos. 000068-000218, 000280-000531; 000532-000693
9. Living Unit History, bates stamped Nos. 000219-000225.

10. Cellmate information, bates stamped Nos. 000226-000227.
11. Keep Separate From List, bates stamped Nos. 000228-000229. (Plaintiff objects as irrelevant and prejudicial)
12. Plaintiff's grievances related to his injury at issue, bates stamped Nos. 000001-000020

IX. **DAMAGES**

Plaintiff seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages.

X. **BIFURCATED TRIAL**

No.

XI. **TRIAL BRIEFS**

None.

XII. **MOTIONS *IN LIMINE***

**NOTE:** The Court will set a deadline for motions *in limine* at the Final Pretrial Conference. Given the nature of motions *in limine*, failure to file motions by the deadline generally will not prejudice a party's ability to move *in limine* before the jury is impaneled. Later-filed motions, however, may be stricken if their consideration would delay the start of trial.

XIII. **DEPOSITION DESIGNATIONS**

Counsel must confer prior to trial to determine which deposition objections can be resolved without Court intervention. To the extent the parties reach an agreement, all copies of the deposition (and the Court's original) should be marked to strike the testimony that will not be read to the jury.

If objections remain that require a ruling by the Court, counsel shall notify the Court prior to jury selection on the first day of trial. At that time, counsel shall provide the Court with copies of the deposition(s) with all disputed portions highlighted, flagged and marked via post-it note or separate sheet of objections with page and line references.

XIV. **JURY INSTRUCTIONS**

**NOTE:** Unless this deadline is altered by an Order entered by Judge Dugan in a

specific case, the parties must submit their entire set of proposed jury instructions in Microsoft Word format to the Court **no later than noon the day before the final pretrial conference.** Jury instructions *are not* filed with the Clerk of Court. **Rather, they are submitted to Judge Dugan's chambers via email to DWDpd@ilsd.uscourts.gov.** Each instruction should be marked to designate the party offering the instruction (*e.g.*, "Plaintiff's Instruction No. 1") and the source of the instruction (*e.g.*, "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions.*** If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions. The Court will compile a packet of proposed final instructions and give the instructions to the parties during trial before a formal jury instruction conference is held. It is not necessary to submit both "marked" and "clean" instructions. Once the final set of instructions has been approved, the Court will remove the annotations from the instructions. The jurors will receive a copy of the final instructions.

XV. **OTHER TRIAL-RELATED MATTERS**

  A. **Trial Date**. Jury Trial will begin on March 29, 2021.

  B. **Length of Trial**. The probable length of trial is three days.

  C. **Voir Dire**. Judge Dugan will conduct a preliminary voir dire of all prospective jurors, inquiring about the juror's employment, prior jury service, etc. Counsel then will be permitted to conduct voir dire. As a general rule, Judge Dugan does not set a time limit on counsel's voir dire. Any voir dire questions that counsel specifically want Judge Dugan to ask shall be submitted via e-mail to DWDpd@ilsd.uscourts.gov prior to the first day of trial.

  D. **Number of Jurors**. There shall be a minimum of six jurors in a civil case. Generally, two "alternate jurors" are also selected, who will be dismissed at the time that the case is given to the jury for deliberation.

  E. **Witness Exclusion**. On motion of counsel, Judge Dugan will enter an Order excluding witnesses from the courtroom during trial. Counsel will bear primary responsibility for monitoring enforcement of the Order.

**IT IS SO ORDERED.**

**DATED: March 16, 2021**

**/s David W. Dugan_____**
**United States District Judge**
