## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MCINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-927-DWD |
| | ) | |
| | ) | |
| CHRISTOPHER LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Motions for Leave to Proceed *in forma pauperis* ("IFP") on appeal  (Docs. 153 and 161) and Motion for New Trial (Doc. 159).  A jury found against Plaintiff on his claims against Defendant, and Plaintiff filed a Notice of Appeal (Doc. 152).

### Motions for IFP

Plaintiff filed his first Motion for IFP on Appeal without specifying the grounds for his appeal.  The Court ordered Plaintiff to file a supplement to his Motion "giving a short, plain statement of the reason or reasons he is appealing his case" so that it could evaluate whether the appeal was taken in good faith.[1]  (Doc. 157).  Plaintiff filed a

---

[1] See *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) ("In cases such as this, where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who after receiving the notice of appeal doubts that it is in good faith should, before yanking the appellant's IFP status, notify the appellant of the impending change of status and give him an opportunity to submit a statement of his grounds for appealing.")

supplement (Doc. 158) and then a second Motion for IFP citing those same grounds (Doc. 161). Upon consideration of the cited grounds, the Court is cannot certify that Plaintiff's appeal is entirely devoid of good faith.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a). Plaintiff was previously permitted leave to proceed IFP on the underlying case. (Doc. 6). As such, he is entitled to proceed IFP on the appeal unless prohibited by statute or this Court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3). To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Plaintiff lists four issues he is appealing:

1. Appointed counsel "did not have relevant facts ready for the jury or the Court," did not call a witness due to "lack of investigation" and did not have a medical professional witness;

2. The jurors were all Caucasian;

3. Defense witness Adams' testimony "contradicted" his written report; and

4. "Objections that were made".

First, ineffective assistance of counsel is not a valid basis for appeal in a civil trial. See *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001)  ("[I]t is well established that an attorney's shortcomings do not entitle his client to a new trial in a civil case.").  As such, errors of strategy or preparation by Plaintiff's counsel are not appealable.

As explained in the Court's previous Order regarding the venire's racial composition, Plaintiff forfeited any challenge to the venire composition on statutory grounds, both as untimely and lacking the required evidence.  28 U.S.C. § 1867(a) and (d).  On constitutional grounds, the standards for challenging venire selection under the Seventh Amendment are not clear.   However, under the standard applied for Sixth Amendment challenges in criminal trials, a prima facie violation of the right to a jury pool selected on a non-discriminatory basis would require a litigant to show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of this group in the jury-selection process.  *Johnson v. McCaughtry*, 92 F.3d 585, 590 (7th Cir. 1996) (citing *Duren v. Missouri*, 439 U.S. 357 (1979)).  Plaintiff did not adduce any evidence on any of these factors, other than a bare allegation that all of the venirepersons looked white.  This is inadequate.  *See United States v. Neighbors*, 590 F.3d 485, 491 (7th Cir. 2009)  ("[T]he complete lack of African–Americans on the venire alone is insufficient to satisfy the third prong of the *Duren* analysis when the venire is randomly selected from voter lists pursuant to an authorized plan.").  As the standards for protection of constitutional rights in criminal

3

trials are generally equal (or more favorable) to a litigant than those in a civil context, Plaintiff's failure to meet the Sixth Amendment standard seems to doom any challenge under the Seventh Amendment.

Plaintiff alleges that nonparty witness Adams' testimony was inconsistent with the written incident report he drafted.  The Court interprets this as a challenge to the sufficiency of the evidence to support the jury verdict.  A prior inconsistent statement by Adams would go to his credibility.  "[S]ince the credibility of witnesses is peculiarly for the jury, it is an invasion of the jury's province to grant a new trial merely because the evidence was sharply in conflict" *Whitehead v. Bond*, 680 F.3d 919, 928 (7th Cir. 2012).

Finally, Plaintiff alleges some unspecified issue with objections made at trial.  A reasonable person could suppose that an appeal on that ground has some merit, although Plaintiff fails to state what objections are at issue.  As such, Plaintiff's Motions to Proceed IFP on Appeal are **GRANTED**.

## Motion for New Trial

Federal Rule of Civil Procedure 59(a)-(d) governs motions for new trial.  Such a motion "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b).  A court may not extend this deadline.  Fed. R. Civ. P. 6(b)(2).

Judgment was entered in this case on March 31, 2021.  (Doc. 151).  Plaintiff filed his Motion for New Trial on May 10, 2021, 40 days later.  As such, it is untimely and must be **DENIED**.

## Disposition

Plaintiff's Motion for New Trial (Doc. 159) is **DENIED**.  Plaintiff's Motions to Proceed IFP on Appeal (Docs. 153 and 161) are **GRANTED**.  Accordingly, pursuant to 28 U.S.C. Section 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $42.37.  The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court upon receipt of this Order.  Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $505.00 filing and docketing fee is paid in full. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the $505.00 filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and to the Trust Fund Officer at the Western Illinois Correctional Center upon entry of this Order.

**IT IS SO ORDERED.**

**DATED:  May 17, 2021**

_____
**United States District Judge**

5